# EXHIBIT B

Filed: 7/9/2018 7:02 PM
Lisa David, District Clerk
Williamson County, Texas
Michele Rodriguez

CAUSE NO. 18-0822-C26

| | | |
|---|---|---|
| DELL TECHNOLOGIES INC. and | § | IN THE DISTRICT COURT |
| DELL GLOBAL B.V. (Singapore Branch), | § | |
| | § | |
| Plaintiffs | § | |
| vs. | § | |
| | § | WILLIAMSON COUNTY, TEXAS |
| TIVO CORPORATION, | § | |
| ROVI CORPORATION, | § | |
| SONIC SOLUTIONS LLC, and | § | Williamson County - 26th Judicial District Court |
| SONIC SOLUTIONS | § | |
| | § | |
| Defendants | § | ___ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW Plaintiffs Dell Technologies Inc. and Dell Global B.V. (Singapore Branch) (jointly, "Dell") and files their Original Petition against Defendants TiVo Corporation, Rovi Corporation, Sonic Solutions LLC, and Sonic Solutions (jointly, "TiVo" or "Defendants"). In support of this Original Petition, Dell shows as follows:

### DISCOVERY CONTROL PLAN

1. Discovery will be conducted under Level 3 of Texas Rule of Civil Procedure 190.3.

### NATURE OF CLAIMS

2. Dell brings this suit to recover damages it suffered as a result of TiVo's breaches of contract and misrepresentations about the functionality of its Roxio Creator software, which TiVo supplied to Dell for distribution. TiVo represented and warranted to Dell that TiVo's Roxio Creator software, on an ongoing basis, would operate substantially in accordance with written specifications. To avoid paying patent license fees, those written specifications provided that TiVo's software would use an audio capability called an "MP3 codec" separately supplied by Microsoft, for which Microsoft obtained and paid for necessary patent licenses. TiVo

specifically represented that it would not install its own, unlicensed MP3 codec. Subsequently, TiVo represented that it had not installed its own, unlicensed MP3 codec. Both parties – Dell and TiVo – understood that it was important not to distribute software that infringed patents without a license. Dell relied on TiVo's representations and warranties in several ways including by continuing to distribute TiVo's software. On December 21, 2015, Dell was sued in patent litigation for having distributed TiVo's software. The litigation accused TiVo's Roxio Creator software of patent infringement related to the functionality TiVo had represented and warranted it would not install and had not installed. During the litigation, expert discovery revealed that, contrary to TiVo's representations and warranties, the Roxio Creator software did, in fact, have its own MP3 audio functionality and was not using the Microsoft functionality as it was supposed to do. Dell ultimately had to pay a significant amount to settle the infringement claims, a large portion of which was directly associated with the infringing and unlicensed software of TiVo. This suit is to hold TiVo accountable for its actions and make Dell whole.

## PARTIES

3. Plaintiff Dell Technologies Inc. is a Delaware corporation with its principal place of business in Round Rock, Texas.

4. Plaintiff Dell Global B.V. (Singapore Branch) is the Singapore branch of a company incorporated in The Netherlands.

5. Defendant TiVo Corporation is a Delaware corporation with its principal place of business in San Jose, California. On information and belief, TiVo Corporation is or was a successor in interest to Rovi Corporation, Sonic Solutions LLC, and/or Sonic Solutions. Its agent for service of process is Corporation Service Company, which does business in California as CSC—Lawyers Incorporating Service.

6.      Defendant Rovi Corporation is a Delaware corporation with its principal place of business in Alviso, California. On information and belief, Rovi Corporation is or was a successor in interest to Sonic Solutions LLC and/or Sonic Solutions. Its agent for service of process is Corporation Service Company, which does business in California as CSC—Lawyers Incorporating Service.

7.      Defendant Sonic Solutions LLC is a California limited liability corporation with its principal office in San Carlos, California. On information and belief, Sonic Solutions LLC is or was a successor in interest to Sonic Solutions. Its agent for service is Corporation Service Company, which does business in California as CSC—Lawyers Incorporating Service.

8.      Defendant Sonic Solutions was a California corporation with its principal business office in Novato, California. Its agent for service of process is Paul F. Norris, 7250 Redwood Boulevard, Suite 300, Novato, California.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction as the amount in controversy is within its jurisdictional limits.

10.     The Court has personal jurisdiction over Defendants as they conduct or conducted substantial business in this County and throughout Texas and directed the communications at issue in this suit to Dell in this County.

11.     Venue is proper in this County pursuant to Texas Civil Practice and Remedy Code § 15.002. All or a substantial part of the events giving rise to this dispute occurred in this County.

## FACTS GIVING RISE TO THE CLAIMS

12. Dell Products L.P., a wholly-owned subsidiary of Dell Technologies Inc. based in Texas, and Sonic Solutions were parties to a Software Licensing Agreement ("SLA") and related amendments, supplements, and clarifications governing Dell's distribution and sale of Roxio Creator software. The effective date of the SLA was August 30, 2001. The SLA is governed by Texas law.

13. In the SLA, Sonic Solutions represented and warranted, on an ongoing basis, that "the Licensed Product(s) will operate substantially in accordance with its written specifications." Sonic Solutions further represented that "the Licensed Product(s) shall not infringe any copyright, patent, trade secret or any other intellectual property rights or similar rights of any third party."

14. Sonic Solutions also agreed to fully indemnify, defend, and hold harmless Dell "from and against any and all claims, actions, suits, legal proceedings, demands, liabilities, damages, losses, judgments, settlements, costs and expenses, including, without limitation, attorneys' fees, arising out of or in connection with any alleged or actual . . . breach by Sonic and/or the Licensed Product(s) of any other representations and/or warranties contained in this Agreement." The SLA also expressly required Sonic Solutions, at its own expense, to "procure for Dell the right to exercise the rights and licenses granted to Dell under this Agreement or modify the Licensed Product(s) such that it is no longer infringing . . . and reimburse Dell for any royalty payments paid for the Licensed Product(s)."

15. The SLA allocates responsibility for defending patent lawsuits between Sonic and Dell. Although the SLA assigned Sonic responsibility for most patent lawsuits, the SLA assigned to Dell responsibility for some patent lawsuits relating to standardized technologies,

such as MP3. However, nothing in the SLA limits Sonic's duties to ensure that its software operates substantially in accordance with the parties' agreed-on specifications, to respect intellectual property, to hold Dell harmless for Sonic's own breaches of the contract, and to obtain necessary intellectual property rights. Moreover, nothing in the SLA authorized Sonic to misrepresent to Dell how the software worked.

16.   Effective November 1, 2010, Dell Global B.V., on behalf of itself and its worldwide affiliates, including but not limited to, Dell Inc. and Dell Inc.'s worldwide affiliates, and Sonic Solutions entered into a Clarification Agreement that, among other things, confirmed that Dell Products L.P. had assigned, transferred, and conveyed the SLA and certain supplements and all rights and obligations thereunder to Dell Global B.V., that Dell Global B.V. had accepted the assignment, and that Sonic Solutions had consented to the assignment.

17.   On information and belief, in late 2010, Sonic Solutions was purchased by Rovi Corporation, and Rovi is therefore a successor in interest to its liabilities.  On information and belief, sometime thereafter, Sonic Solutions LLC became a successor in interest to Sonic Solutions, a California corporation.  In 2016, Rovi Corporation acquired TiVo Inc. through a complex corporate merger transaction and adopted the TiVo name for the corporate family. On information and belief, to accomplish the merger Rovi created a subsidiary Parent; Parent created two subsidiaries, Rovi Merger Sub and TiVo Merger Sub; Rovi merged with Rovi Merger Sub; TiVo Inc. merged with TiVo Merger Sub; and Parent renamed itself TiVo Corporation.  On information and belief, as a result of these acquisitions, TiVo is or was a successor in interest to the liabilities of Sonic Solutions, Sonic Solutions LLC, and Rovi, and TiVo therefore is responsible for the breaches and representations made to Dell regarding the Roxio Creator

software. Sonic Solutions, Sonic Solutions LLC, Rovi, and TiVo are referred to as "TiVo" herein.

18. Pursuant to the SLA and related agreements, Dell distributed versions of the Roxio Creator software preloaded on certain computers Dell sold and made other versions of the Roxio Creator software available as point-of-sale upsell products.

19. One feature of the Roxio Creator software was its ability to handle audio functionality known as "MP2" and "MP3." MP2 and MP3 are industry standards for compressed audio. MP2 audio is commonly associated with the audio tracks of some DVDs, principally sold abroad. MP3 audio is commonly associated with music stored on a digital device. The process of creating MP2 or MP3 audio requires encoding an audio signal into the MP2 or MP3 format. The process of turning MP2 or MP3 audio into playable audio requires decoding the MP2- or MP3-formatted audio back into playable audio. However, as discussed below, TiVo specifically represented and agreed that the Roxio Creator software would leverage the Microsoft Windows operating system for encoding and decoding MP3 audio to avoid any potential liability for third-party royalties.

20. All versions of Roxio Creator software enabled users to access (decode) music and other audio files encoded in MP3 audio format. Some versions of the Roxio Creator software also enabled users to play (decode) or create (encode) MP2 audio.

21. Audio MPEG, Inc. and Società Italiana Per Lo Sviluppo Dell'Electronica, S.P.A. ("Sisvel") have the exclusive rights to grant licenses to third parties for certain U.S. and non-U.S. patent rights relating to the encoding and decoding of MP2 and MP3 audio. One of Audio MPEG's and Sisvel's licensees is Microsoft, permitting Microsoft to sell software capable of encoding and decoding MP2 and MP3 audio. Audio MPEG and Sisvel approached Dell

regarding Dell's need to take a license to Audio MPEG's and Sisvel's patents relating to MP2 and MP3 functionality for Dell's products, including the computers on which Dell was installing the Roxio Creator software.

22. TiVo was aware of Audio MPEG's and Sisvel's infringement claims against Dell. No later than May 20, 2009, TiVo began representing to Dell that the Roxio Creator software did not contain internal MP3 codecs and relied on Microsoft codecs to provide MP3 functionality.

23. Accordingly, written specifications for Roxio Creator software products distributed by Dell required that those products not install any MP3 codec and instead enable MP3 decoding capability by using Microsoft preloaded MP3 codec.

24. TiVo also was aware that Audio MPEG and Sisvel claimed both MP2 and MP3 technology necessarily infringed their patents. TiVo understood that it was critical to Dell that the Roxio Creator software access and use the Microsoft Windows operating system for encoding and decoding MP2 and MP3.

25. During the parties' relationship, TiVo repeatedly represented to Dell that the Roxio Creator software used or would use the Microsoft Windows operating system's encoding and decoding functionality for MP3 audio and did not have a separate encoder or decoder. Dell therefore understood that the Roxio Creator software did not have its own MP2 and MP3 encoding and decoding functionality, but rather leveraged the software in the Microsoft Windows operating system to encode and decode MP2 and MP3 audio, such that Dell did not need a license from Audio MPEG and Sisvel to sell the Roxio Creator software.

26. For example, Dell informed TiVo of Audio MPEG's and Sisvel's attempt to enter into a license with Dell and asked TiVo questions regarding the Roxio Creator software functionality. TiVo's in-house counsel, Brett Healy, replied, "It appears that the current product

that Sonic provides to Dell for pre-load (Roxio's Creator Starter) uses the Microsoft MP3 decoder." When asked if Roxio Creator Starter always used the Microsoft MP3 decoder, Mr. Healy replied, "Based on my discussions with our technical experts in the area, I can report that Starter has never included separate MP3 decode functionality. The MP3 functionality in both builds has been provided by the Microsoft decoder."

27. Similarly, TiVo provided Dell with a witness statement for use in French proceedings stating, "In connection with Roxio Creator Starter, any Audio MPEG Audio Layer III (known as 'MP3') functionality is provided by Microsoft's Windows Operating System. Roxio Creator Starter does not provide a separate, functional MP3 decoder or encoder." The statement also said that TiVo "is aware that this Witness Statement may be used by Dell . . . in a civil lawsuit for patent infringement which was brought by Sisvel."

28. Based on TiVo's representations, Dell continued to believe that the Roxio Creator software was covered by Microsoft's license with Audio MPEG and Sisvel and that Dell could distribute the software as written without any further license from Audio MPEG and Sisvel.

29. Dell continued to rely on TiVo's renewed representations and continued to distribute the Roxio Creator software. Had Dell been aware that the Roxio Creator software contained separate MP2 or MP3 functionality, Dell would not have continued to distribute the software without requiring TiVo to rewrite its software to remove or fully disable the encoding and decoding functionality or acquire a license to that technology from Audio MPEG and Sisvel. TiVo never corrected or amended its representations to Dell.

30. Dell was sued by Audio MPEG in the United States District Court for the Eastern District of Virginia and by Sisvel in Mannheim District Court in Germany for patent infringement. The patents-in-suit in these actions were the same as those relied on by Audio

MPEG and Sisvel in their earlier licensing communications with Dell, and Roxio Creator Starter and other versions of the Roxio Creator software were among the accused products. The Audio MPEG litigation sought damages for sales of computers with accused software such as Roxio Creator between December 2009 and July 2013.

31.     Dell notified TiVo of Audio MPEG's and Sisvel's suits against it, but TiVo denied that it had any indemnity obligations. Nonetheless, Dell periodically updated TiVo on the status of the litigation.

32.     On or about July 24, 2016, Dell's expert in the Audio MPEG litigation determined that certain versions of the Roxio Creator software, including Roxio Creator Starter, included MP3 decoding functionality separate from that provided by the Microsoft Windows operating system. In other words, the Roxio Creator software could decode MP3 audio without using the Microsoft Windows operating system. He believed that although the Roxio software was intended to use software in the Microsoft Windows operating system to decode MP3 audio, TiVo did not remove the code from its software that permitted the Roxio software to decode MP3 audio itself, and the code TiVo wrote to call the Microsoft software contained a flaw. Therefore, under certain circumstances, the Roxio Creator software failed to call the Microsoft software, and the preexisting Roxio MP3 code instead was used to decode the MP3 audio. Additionally, Audio MPEG's experts discovered that Roxio Creator Starter contained internal code to encode and decode MP2 audio.

33.     Dell was surprised to learn that TiVo's representations were false. In the computer software industry, the way that a software program implements the defined requirements and the software source code are kept highly confidential. It is difficult for an outsider to determine how the software functions. TiVo made the false representations

repeatedly, including through its in-house counsel Mr. Healy who understood that the purpose of the Roxio software using only Microsoft Windows was to avoid legal liability, and including in a draft declaration that Mr. Healy offered to be signed by a TiVo engineer "under penalty of perjury." Dell was justified in relying on TiVo's representations about its software until the Audio MPEG litigation required expert analysis. Dell exercised reasonable diligence in discovering the misrepresentations.

34. Because the Roxio Creator software had the ability to decode MP3 audio without using Microsoft software, Dell lacked its defenses of license and exhaustion in the Audio MPEG litigation for 26 million computers installed with Roxio Creator software. Ultimately, Dell paid a significant amount to settle Audio MPEG's and Sisvel's infringement claims. Before reaching this settlement, Dell gave TiVo an opportunity to be involved in the settlement negotiation with Audio MPEG and Sisvel but TiVo declined to participate.

**FIRST CAUSE OF ACTION—NEGLIGENT MISREPRESENTATION**

35. The material facts alleged above are incorporated herein by reference.

36. TiVo made false representations to Dell in the course of TiVo's business

37. TiVo supplied false information to Dell for Dell's guidance regarding the functionality of the Roxio Creator software.

38. TiVo also failed to disclose information to Dell that TiVo had a duty to disclose for Dell's guidance regarding the functionality of the Roxio Creator software.

39. TiVo failed to exercise reasonable care or competence in obtaining, communicating, and/or failing to communicate this information to Dell.

40. Dell justifiably relied on TiVo's misrepresentations.

41. TiVo's negligent misrepresentations caused Dell injury that was foreseeable to TiVo.

42. Because TiVo was grossly negligent in making these representations, it should be held responsible for exemplary damages to deter it and others from committing similar conduct.

**SECOND CAUSE OF ACTION—FRAUDULENT MISREPRESENTATION**

43. The material facts alleged above are incorporated herein by reference.

44. TiVo made representations of material fact to Dell regarding the functionality of the Roxio Creator software.

45. These representations were false.

46. TiVo was aware that its representations were false or made the representations recklessly, as positive assertions, without knowledge of their truth.

47. TiVo made the misrepresentations with the intent that Dell would act on them.

48. Dell relied on TiVo's misrepresentations.

49. TiVo's misrepresentations caused Dell injury.

**THIRD CAUSE OF ACTION—FRAUDULENT NONDISCLOSURE**

50. The material facts alleged above are incorporated herein by reference.

51. TiVo failed to disclose certain facts to Dell, including information about the functionality of the Roxio Creator software.

52. TiVo had a duty to disclose these facts to Dell.

53. The facts TiVo failed to disclose to Dell were material.

54. TiVo knew that Dell was ignorant of the facts and did not have an equal opportunity to discover the facts.

55. By failing to disclose the facts, TiVo intended to induce Dell to take some action

or refrain from acting.

56. Dell relied on TiVo's nondisclosure.

57. Dell was injured as a result of acting without knowledge of the undisclosed facts.

**FOURTH CAUSE OF ACTION—BREACH OF CONTRACT**

58. The material facts alleged above are incorporated herein by reference.

59. The SLA and its related amendments, supplements, and clarifications is an enforceable agreement between Dell and Sonic Solutions.

60. On information and belief, in late 2010, Sonic Solutions was purchased by Rovi Corporation, which later merged with TiVo Inc., creating TiVo Corporation. On information and belief, each of Rovi, TiVo, Sonic Solutions LLC, and Sonic Solutions are responsible for the obligations under the SLA.

61. Dell performed its obligations and all conditions precedent under the SLA and its related amendments, supplements, and clarifications.

62. TiVo breached the SLA by providing products that did not operate substantially in accordance with the written specifications, as represented and warranted.

63. TiVo breached the SLA by providing Roxio Creator software that infringed the intellectual property rights of a third party. Such infringement arose out of TiVo's wrongful inclusion of a separate MP3 codec and failure to enable MP3 decoding capability by using Microsoft preloaded MP3 codec.

64. TiVo further breached the SLA by failing to fully indemnity, defend and hold harmless Dell for its losses, including the settlement with Audio MPEG and Sisvel and

attorneys' fees, costs, and expenses Dell incurred defending itself in the suits brought by Audio MPEG and Sisvel and repayment of royalties previously paid by Dell.

65.     Dell suffered significant, foreseeable injuries as a result of TiVo's breach of the SLA.

## DISCOVERY RULE

66.     Dell invokes the discovery rule.

67.     Dell's injury was inherently undiscoverable and objectively verifiable.

68.     Dell did not know, and exercising reasonable diligence should not have known, the facts giving rise to its causes of action against TiVo until Dell's in the Audio MPEG litigation determined that certain versions of the Roxio Creator software, including Roxio Creator Starter, included MP2 and MP3 decoding functionality separate from that provided by the Microsoft Windows operating system.

## REQUEST FOR DISCLOSURES

69.     Dell requests that TiVo disclose the information and material set out in Texas Rule of Civil Procedure 194.2 within fifty (50) days of service of this request.

## JURY DEMAND

70.     Dell asserts its rights under the United States and Texas Constitutions and demands a jury trial.

## PRAYER FOR RELIEF

Accordingly, Dell respectfully requests that, after final hearing or trial, the Court enter final judgment against TiVo and in favor of Dell, and that Dell be awarded the following relief from TiVo:

a. Actual damages;

b. Exemplary damages;

c. Attorneys' fees;

d. Pre- and post-judgment interest; and

e. All other relief to which Dell is justly entitled, whether in law or equity.

                Respectfully submitted,

By:   /s/ R. Mark Dietz
       R. Mark Dietz
       State Bar No. 05857200
       Douglas G. Cornwell
       State Bar No. 24009024
DIETZ & JARRARD, P.C.
106 Fannin Avenue East
Round Rock TX  78664
(512) 244-9314 (Telephone)
(512) 244-3766 (Facsimile)
rmarkdietz@lawdietz.com
dgcornwell@lawdietz.com

John Thorne
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC  20036
Tel: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com

**ATTORNEYS FOR PLAINTIFFS
DELL TECHNOLOGIES INC. AND
DELL GLOBAL B.V. (Singapore Branch)**