# EXHIBIT
# D

Filed: 8/8/2018 3:28 PM
Lisa David, District Clerk
Williamson County, Texas
Michele Rodriguez

CAUSE NO. 18-0822-C26

| | | |
|---|---|---|
| DELL TECHNOLOGIES INC. and | § | IN THE DISTRICT COURT |
| DELL GLOBAL B.V. (Singapore Branch), | § | |
| | § | |
| Plaintiffs | § | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| TIVO CORPORATION, | § | |
| ROVI CORPORATION, | § | |
| SONIC SOLUTIONS LLC, and | § | 26TH JUDICIAL DISTRICT |
| SONIC SOLUTIONS | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIMS

Defendants TiVo Corporation, Rovi Corporation, Sonic Solutions LLC, and Sonic Solutions (collectively, "Defendants") file their original answer to the original petition filed by Plaintiffs Dell Technologies Inc. and Dell Global B.V. (Singapore Branch) (collectively, "Plaintiffs" or "Dell").

### DISCOVERY CONTROL PLAN

1.      The allegations of this paragraph are legal conclusions and therefore require no response.   To the extent a response is required, Defendants deny every allegation and legal conclusion in this paragraph.

### NATURE OF CLAIMS

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to any Dell action, belief or event, and on that basis denies them. The remainder of the allegations in this paragraph are denied.

### PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

1

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

5.      Defendants admit that TiVo Corporation is a Delaware Corporation with its principal place of business in San Jose, California.   Defendants admit that its agent for service of process is Corporation Services Company, which does business in California as CSC—Lawyers Incorporation Service.  The remainder of the allegations in this paragraph are denied.

6.      Defendants admit that Rovi Corporation is a Delaware Corporation with its principal place of business in Alviso, California.   Defendants admit that its service of process is Corporation Services Company, which does business in California as CSC—Lawyers Incorporation Service.  The remainder of the allegations in this paragraph are denied.

7.      Defendants admit that Sonic Solutions LLC is a California limited liability corporation with its principal place of business in San Carlos, California.   Defendants admit that its agent for service is Corporation Services Company, which does business in California as CSC—Lawyers Incorporation Service.  The remainder of the allegations in this paragraph are denied.

8.      Defendants admit that Sonic Solutions was a California Corporation with its principal business office in Novato, California.  Defendants admit that its agent for service of process is Paul F. Norris, 7250 Redwood Boulevard, Suite 300, Novato, California.

**JURISDICTION AND VENUE**

9.      Denied.

10.     Denied.

11.     Denied.

2

## FACTS GIVING RISE TO THE CLAIMS

12.     Defendants admit that Dell Products L.P. and Sonic Solutions were parties to the Software License Agreement ("SLA") and related amendments, supplements, and clarifications governing the distribution and sale of Roxio Creator software.  Defendants admit that the effective date of the SLA was August 30, 2001.  Defendants admit that the SLA is governed by Texas law.  All other allegations in this paragraph are denied.

13.     Defendants admit that the SLA states, in part, that "the Licensed Product(s) will operate substantially in accordance with its written specifications."  Defendants admit that the SLA states, in part, that "the Licensed Product(s) shall not infringe any copyright, patent, trade secret or any other intellectual property rights or similar rights of any third party."  All other allegations in this paragraph are denied.

14.     Defendants admit that the SLA states, in part, that that "Sonic shall fully indemnify, defend and hold harmless Dell, Dell Computer Corporation, Dell Corporation's subsidiaries and affiliates … from and against any and all claims, actions, suits, legal proceedings, demands, liabilities, damages, losses, judgments, settlements, costs and expenses, including, without limitation, attorneys' fees, arising out of or in connection with any alleged or actual: (i) breach by Sonic and/or the Licensed Product(s) of any other representations and/or warranties contained in this Agreement."  Defendants admit that the SLA states, in part, that "Sonic shall, at its own expense, procure for Dell the right to exercise the rights and licenses granted to Dell under this Agreement or modify the Licensed Product(s) such that it is no longer infringing or agree to accept the return of the Licensed Products(s) and reimburse Dell for any royalty payments paid for the Licensed Product(s)."  All other allegations in this paragraph are denied.

3

15.     Certain allegations of this paragraph are legal conclusions and therefore require no response.  Defendants admit the SLA assigned to Dell responsibility for patent lawsuits relating to standardized technologies, such as MPEG (including but not limited to MP3).  All other allegations in this paragraph are denied.

16.     Defendants admit that effective November 1, 2010, Dell Global B.V., on behalf of itself and each of its worldwide affiliates, including but not limited to, Dell Inc. and Dell Inc.'s worldwide subsidiaries, and Sonic Solutions entered into a Clarification Agreement that, in part, confirmed that Dell Products L.P. had assigned, transferred, and conveyed the SLA and certain supplements and rights and obligations thereunder to Dell Global B.V., that Dell Global B.V. had accepted the assignment, and that Sonic Solutions had consented to the assignment.  All other allegations in this paragraph are denied.

17.     Certain allegations of this paragraph are legal conclusions and therefore require no response.  Defendants admit that in 2010, Sonic Solutions was purchased by Rovi Corporation.  Defendants admit that Sonic Solutions LLC became a successor in interest to Sonic Solutions, a California corporation.  Defendants admit that in 2016, Rovi Corporation acquired TiVo Inc. through a merger transaction and adopted the TiVo name for the corporate family. Defendants admit that to accomplish the merger, Rovi created a subsidiary Parent; Parent created two subsidiaries, Rovi Merger Sub and TiVo Merger Sub; Rovi merged with Rovi Merger Sub; TiVo Inc. merged with TiVo Merger Sub; and Parent renamed itself TiVo Corporation.  All other allegations in this paragraph are denied.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

4

19.     Certain allegations in this paragraph lack specificity and information (e.g., versions of Roxio Creator software) sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis Defendants deny them.  Defendants lack knowledge or information (e.g., common associations, understandings and processes related to MPEG standards) sufficient to form a belief about the truth of certain allegations in this paragraph, and on that basis deny them.  Defendants admit MP2 and MP3 are industry MPEG standards.  All other allegations in this paragraph are denied.

20.     Certain allegations in this paragraph lack specificity and information (e.g., versions of Roxio Creator software and Dell's understanding and definition of "access" and "enable") sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis Defendants deny them.  All other allegations in this paragraph are denied.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

22.     Defendants admit that at some point they became aware of Audio MPEG's and Sisvel's infringement claims against Dell.  All other allegations in this paragraph are denied.

23.     Denied.

24.     Defendants admit that at some point they became aware that Audio MPEG and Sisvel claimed both MP2 and MP3 technology infringed their patents.  All other allegations in this paragraph are denied.

25.     Denied.

26.     Defendants admit that Brett Healy sent an email which stated, in part, "It appears that the current product that Sonic provides to Dell for pre-load (Roxio's Creator Starter) uses the Microsoft MP3 decoder."  Defendants admit that Brett Healy sent an email which stated, in

part, "Based on my discussions with our technical experts in the area, I can report that Starter has never included separate MP3 decode functionality. The MP3 functionality in both builds has been provided by the Microsoft decoder."  All other allegations in this paragraph are denied.

27.     Defendants admit that a draft, unexecuted and non-final witness statement was prepared, and that this draft stated, in part, "In connection with Roxio Creator Starter, any Audio MPEG Audio Layer III (known as 'MP3') functionality is provided by Microsoft's Windows Operating System. Roxio Creator Starter does not provide a separate, functional MP3 decoder or encoder."  Defendants admit that the draft, unexecuted and non-final witness statement also stated in part, "this Witness Statement may be used by Dell . . . in a civil lawsuit for patent infringement which was brought by Sisvel."  All other allegations in this paragraph are denied.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of certain allegations in this paragraph, and on that basis deny them.  All other allegations in this paragraph are denied.

30.     Defendants admit Dell was sued by Audio MPEG in the United States District Court for the Eastern District of Virginia and by Sisvel in Mannheim District Court in Germany for patent infringement.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

31.     Defendants admit that at some point Dell notified them of Audio MPEG's and Sisvel's suits against Dell.  Defendants admit that they denied that they had any indemnity obligations.  All other allegations in this paragraph are denied.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph related to Dell's expert in the Audio MPEG litigation, and on that basis deny them.  All other allegations in this paragraph are denied.

33.     Denied.

34.     Defendants admit that Dell sent an email regarding its settlement negotiation with Audio MPEG and Sisvel.  Defendants admit that they did not participate in the settlement negotiation with Audio MPEG and Sisvel.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph related to Dell's settlement in the Audio MPEG litigation, and on that basis deny them.  All other allegations in this paragraph are denied.

**FIRST CAUSE OF ACTION—NEGLIGENT MISREPRESENTATION**

35.     The allegations of this paragraph require no response.   To the extent a response is required, Defendants deny every allegation in this paragraph.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

**SECOND CAUSE OF ACTION—FRAUDULENT MISREPRESENTATION**

43.     The allegations of this paragraph require no response.   To the extent a response is required, Defendants deny every allegation in this paragraph.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### THIRD CAUSE OF ACTION—FRAUDULENT NONDISCLOSURE

50. The allegations of this paragraph require no response.   To the extent a response is required, Defendants deny every allegation in this paragraph.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

### FOURTH CAUSE OF ACTION—BREACH OF CONTRACT

58. The allegations of this paragraph require no response.  To the extent a response is required, Defendants deny every allegation in this paragraph.

59. Defendants admit that the SLA is an enforceable agreement.  All other allegations in this paragraph are denied.

60.     Defendants admit that in late 2010, Sonic Solutions was purchased by Rovi Corporation.  Defendants admit that Rovi Corporation later merged with TiVo Inc. Defendants admit that TiVo Corporation was later formed.  All other allegations in this paragraph are denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

## DISCOVERY RULE

66.     The allegations of this paragraph require no response.  To the extent a response is required, Defendants deny every allegation in this paragraph.

67.     Denied.

68.     Denied.

## REQUESTS FOR DISCLOSURES

69.     Defendants deny Plaintiffs' request is proper in this case.

## VERIFIED PLEAS

70.     Defendants TiVo Corporation and Sonic Solutions deny that they are proper parties.

## JURY DEMAND

71.     Defendants deny that a jury trial is available for all claims and defenses in this case in light of the express waiver of jury trial in the SLA.

## PRAYER FOR RELIEF

72.     Defendants deny Plaintiffs' prayer for relief in its entirety.

**DEFENSES**

73.     Defendants may assert the following defenses based on the facts alleged in the action, or based on facts adduced in discovery.  In disclosing these defenses, Defendants do not assume any burden of proof not otherwise required by law, and Defendants undertake the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein.

**FIRST DEFENSE:  NON-INFRINGEMENT**

74.     Defendants do not make, use, sell, offer for sale, or import into the United States, and have not made, used, sold, offered for sale or imported into the United States any at issue Roxio Creator software products that infringe any valid at issue Audio MPEG or Sisvel patent claim, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and have not induced others to infringe any patent claim.

**SECOND DEFENSE:  FAILURE TO PROVIDE NOTICE OF INFRINGEMENT**

75.     To the extent that Plaintiffs assert that Defendants indirectly infringed, either by contributory infringement or inducement of infringement, Defendants are not liable to Plaintiffs for the acts alleged to have been performed before Defendants are alleged to have known that their actions would cause indirect infringement.

**THIRD DEFENSE:  EXHAUSTION**

76.     Under the doctrines of patent exhaustion, implied or express license, estoppel, and have-made rights, the use or sale of products by and/or the use or sale of products supplied by licensees of the Dell Product Patents[1] cannot give rise to liability for infringement of such

---

[1]   Defined below in paragraph 116.

licensed patents under *Impression Products, Inc. v. Lexmark International, Inc.*, 137 S.Ct. 1523 (2017) and other U.S. case law.

## FOURTH DEFENSE:  STANDING

77.     Defendants are not liable to Plaintiff   Dell Technologies Inc., as Dell Technologies Inc. is neither a party nor third-party beneficiary to the SLA and therefore lacks standing to bring these claims.

## FIFTH DEFENSE:  STATUTE OF LIMITATIONS

78.     Defendants are not liable to Plaintiffs because Plaintiffs' claims are barred by the relevant statutes of limitations.

## SIXTH DEFENSE:  NOVATION

79.     Defendants are not liable to Plaintiffs because the contract was discharged by novation.

## SEVENTH DEFENSE:  RATIFICATION

80.     Defendants are not liable to Plaintiffs because Plaintiffs ratified Defendants' acts.

## EIGHTH DEFENSE:  WAIVER

81.     Defendants are not liable to Plaintiffs because Plaintiffs waived Defendants' alleged breach.

## NINTH DEFENSE:  MITIGATION

82.     Defendants are not liable to Plaintiffs for the amount of damages claimed because Plaintiffs did not mitigate damages.

## TENTH DEFENSE:  CONTRIBUTORY NEGLIGENCE

83.     Defendants are not liable to Plaintiffs as a result of Plaintiffs' contributory negligence.

## ELEVENTH DEFENSE:  LACHES

84.     Defendants are not liable to Plaintiffs as a result of the doctrine of laches.

## TWELFTH DEFENSE:  JUDICIAL ESTOPPEL

85.     Defendants are not liable to Plaintiffs as a result of the doctrine of judicial estoppel relating to positions Plaintiffs took in an underlying case relating to, among other things, invalidity, exhaustion and non-infringement of the Dell Product Patents.

## THIRTEENTH DEFENSE:  FAILURE TO STATE A CLAIM

86.     Defendants are not liable to Plaintiffs because Plaintiffs failed to state a claim upon which relief can be granted.

## FOURTEENTH DEFENSE:  FAILURE OF CONSIDERATION

87.     Defendants are not liable to Plaintiffs as a result of a failure of consideration.

## FIFTEENTH DEFENSE:  UNCLEAN HANDS

88.     Defendants are not liable to Plaintiffs as a result of the doctrine of unclean hands.

## SIXTEENTH DEFENSE:  JUDICIAL ADMISSIONS

89.     Defendants are not liable to Plaintiffs as a result of Plaintiffs' judicial admissions, including but not limited to admissions that the Dell Product Patents invalid and exhausted and admissions that Dell's products containing Roxio Creator software do not infringe the Dell Product Patents.

## SEVENTEENTH DEFENSE:  INVALIDITY

90.     One or more claims is invalid because the alleged inventors failed to satisfy the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

## CONTRACTUAL DAMAGES CAP

91.     If Defendants are found liable for damages, those damages must be capped and limited pursuant to an express damages provision in the SLA.

## EXEMPLARY DAMAGES CAP

92.     If Defendants are found liable for exemplary damages, those damages must be capped under applicable law.

## <u>COUNTERCLAIMS</u>

Defendants TiVo Corporation, Rovi Corporation, Sonic Solutions LLC, and Sonic Solutions file these counterclaims against Plaintiffs Dell Technologies Inc.[2] and Dell Global B.V.

93.     Defendants incorporate all allegations in their Answer, including the factual allegations of its affirmative defenses.

## PARTIES

94.     Defendant/Counter-Plaintiff TiVo Corporation is a Delaware corporation with its principal place of business in San Jose, California.[3]

95.     Defendant/Counter-Plaintiff Rovi Corporation is a Delaware corporation with its principal place of business in Alviso, California.

96.     Defendant/Counter-Plaintiff Sonic Solutions LLC is a California limited liability corporation with its principal office in San Carlos, California.

---

[2]  Simultaneously herewith, Defendants have filed a Notice of Removal, which details why Dell Technologies Inc. should be dismissed for fraudulent joinder.  Accordingly, these counterclaims are brought against Dell Technologies Inc. only to the extent it remains a party to this dispute.

[3]  Defendants deny that TiVo Corporation is a proper party.  Accordingly, these counterclaims are brought on its behalf only to the extent that it remains a party to this dispute.

97.     Defendant/Counter-Plaintiff Sonic Solutions was a California corporation with its principal business office in Novato, California.[4]

98.     On information and belief, Plaintiff/Counter-Defendant Dell Technologies Inc. is a Delaware corporation with its principal place of business in Round Rock, Texas.

99.     On information and belief, Plaintiff/Counter-Defendant Dell Global B.V. (Singapore Branch) is the Singapore branch of a company incorporated in The Netherlands.

## VENUE AND JURISDICTION

100.     This is an action arising under federal law and the law of the State of Texas.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 14554.  The Answer and Counterclaims states defenses and claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271, *et seq.*

101.     This is also an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 by virtue of Plaintiffs' assertion of claims and filing of a complaint against Defendants, thereby establishing a case and controversy.  The Court has jurisdiction over the declaratory judgment claims pursuant to 28 U.S.C. § 1338, 2201 and 2202 and 35 U.S.C. § 293.

102.     This Court also has supplemental jurisdiction over Plaintiffs' breach of contract, negligent misrepresentation, fraudulent misrepresentation, and fraudulent nondisclosure claims pursuant to 28 U.S.C. § 1367 because each claim arises out of the same acts and occurrences that give rise to the declaratory judgment claims.

---

[4]    Defendant Sonic Solutions no longer exists and Defendants deny that it is a proper party. Accordingly, these counterclaims are brought on its behalf only to the extent that it remains a party to this dispute.

103.     This Court has personal jurisdiction over Plaintiffs.  Plaintiff Dell Technologies Inc. resides in this County.  Further, Plaintiffs conduct substantial business in this County and throughout Texas, and/or directed communications at issue in this suit to entities in this County.

104.     Without waiving any challenge under 28 U.S.C. § 1404 or right of removal under 28 U.S.C. §§ 1454, venue is proper in this County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 and 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

105.     On August 30, 2001, non-party Dell Products L.P. and Defendant Sonic Solutions LLC entered into a Software License Agreement ("SLA,"), whereby Sonic licensed various versions of its software product, sold under the trade name "Roxio Creator," to Dell Products L.P.

106.     The SLA provides, among other things, that "Sonic makes no representation or warranty regarding such infringement where … the infringement arises out of Sonic's compliance with any technical or commercial standards adopted by international organizations … or any other industry standards, some of which are proprietary to third parties, specifically JPEG, MPEG, Video CD, DVD, Dolby, DTS, Macrovision, and/or H.261."  SLA § 6.0(c)(ii).

107.     Additionally, the SLA provides that "Sonic shall [only] fully indemnify, defend and hold harmless Dell … from and against any and all claims … arising out of or in connection with any alleged or actual breach by Sonic and/or the Licensed Product(s) of any representations and/or warranties contained in this Agreement."  SLA § 7.1.

108.     Certain Roxio Creator software products are included under "Licensed Product(s)" in the SLA.

109.    In 2010, Defendant Rovi Corporation acquired Sonic Solutions, but Sonic Solutions remained a separate operating company as it relates to Sonic's licensing of Roxio Creator software products.[5]

110.    On November 1, 2010, Sonic Solutions entered into a Clarification Agreement with Dell Global B.V. (hereafter, "Dell B.V."), which confirmed that Dell Products L.P. assigned certain of its rights and obligations under the SLA to Dell B.V.

111.    On January 12, 2012, Rovi sold certain Sonic Solutions assets, including the software underlying the SLA described above, to non-party, Corel Corporation, a Canadian corporation ("Corel").

112.    As part of this sale, the SLA between Dell B.V. and Sonic Solutions for the Roxio Creator software was transferred to Corel.  Accordingly, Corel thereafter held all assets and liabilities associated with the Roxio Creator software products and license.

113.    Subsequent to this sale, on February 1, 2012, Dell Global B.V. and Sonic Solutions executed a Separation Agreement, whereby Dell Global B.V. agreed, on behalf of itself, Dell Inc., its subsidiaries and affiliates, that the Roxio-related agreements, including the SLA, would be assigned from Sonic to Corel, and that Dell would look solely to Corel with respect to any liabilities arising on or after the date of the agreement.  Ex. 1.

114.    Four years later, in April 2016, Rovi acquired TiVo, Inc. and through a series of transactions formed a new company TiVo Corporation.  Rovi and TiVo Corporation remain separate operating companies.

115.    On December 21, 2015, Audio MPEG filed an action against a non-party, Dell Inc. ("Audio MPEG Action").  *See* Compl. ¶ 2.  The Audio MPEG plaintiffs accused Dell Inc.

---

[5]  Sonic Solutions no longer exists, but became Sonic Solutions LLC.

computers with certain Roxio Creator software products, among other software, of infringing their MP2 and MP3 audio standards patents.

116.    Specifically, the Audio MPEG plaintiffs alleged that Dell Inc. infringed their MPEG-1 Audio Standard Layer II and MPEG-1 Audio Standard Layer III patents by manufacturing, selling, or importing devices (including personal computers and mobile devices) which had the following software products:  CyberLink PowerDVD 8.3; CyberLink PowerDVD 9.5; CyberLink Media Suite Essentials (PowerDVD 10, PowerDirector 10, and Power2Go 8); CyberLink Media Suite Premium (PowerDVD 10, PowerProducer v5, and Power2Go 8); Roxio Creator Starter; Roxio Creator 2011; Roxio Creator Dell Edition 9; Roxio Creator Dell Edition 10.2; Roxio Creator Dell Edition 10.3; and Nero 9.[6]

117.    Dell Inc. asserted several defenses, including *inter alia*:  the Dell Product Patents are not essential to the MPEG-1 or MPEG-2 Audio Standards; Dell Inc.'s products do not infringe the Dell Product Patents; the Dell Product Patents were anticipated and obvious; the accused software programs did not have infringing functionality.

118.    Dell Inc. also asserted that the Audio MPEG plaintiffs licensed their patents to Microsoft in November 2, 2006 pursuant to an agreement ("Audio MPEG – Microsoft License Agreement").  The Audio MPEG – Microsoft License Agreement allows Microsoft to sell, license, or distribute software to third parties.

119.    Pursuant to the Audio MPEG – Microsoft License Agreement, Microsoft sold Dell a license to Windows.  Accordingly, Dell's computers sold with Windows were licensed.  In addition, Roxio Creator Starter, Roxio Creator 2011, Roxio Creator Dell Edition 9, Roxio

---

[6]   The relevant patents related to the Dell Products containing Roxio Creator are United States Patents No. 5,323,396 ("the '396 patent"), No. 5,777,992 ("the '992 patent"), and 5,539,826 ("the '829 patent") (collectively, "Dell Product Patents").

Creator Dell Edition 10.2, and Roxio Creator Dell Edition 10.3 were all intended to and did use the Microsoft-licensed software in order to perform the functionality allegedly covered by the

120.     Subsequently to the filing of the Audio MPEG Action, Dell requested indemnity and defense from Rovi.  Rovi denied this request based, in part, on the Separation Agreement, and directed Dell Inc.'s defense and indemnification inquiries to Corel.

121.     The Dell Product Patents are now expired, and all rights related to their infringement and exhaustion have been resolved as it relates to Plaintiffs pursuant to the settlement agreement that resolved the underlying Audio MPEG Action.

## CLAIMS FOR RELIEF

### COUNT 1:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

122.     Defendants re-allege and incorporate by reference all allegations set forth in paragraphs 1-121 of this Counterclaim as though fully set forth herein.

123.     Plaintiffs contend that Defendants are liable to Plaintiffs as a result of the alleged infringement of the Dell Product Patents by Dell computers with certain Roxio Creator software products, and that this infringement breached the terms of the SLA by allegedly licensing the Roxio Creator software that, according to Plaintiffs, infringes third party patents.  An actual controversy therefore has arisen and now exists between the parties as to whether Defendants' infringed the Dell Product Patents.

124.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants request a declaration by the Court that it does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or services that infringe any valid, non-exhausted claim of the Dell

Product Patents, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the Dell Product Patents.

125.    Defendants are entitled to recover reasonable and necessary attorneys' fees pursuant to 35 U.S.C. § 285 because this is a suit for declaratory relief.

## COUNT 2:  DECLARATORY JUDGMENT OF PATENT EXHAUSTION

126.    Defendants re-allege and incorporate by reference all allegations set forth in paragraphs 1-125 of this Counterclaim as though fully set forth herein.

127.    Plaintiffs contend that Defendants are liable to Plaintiffs as a result of alleged infringement of the Dell Product Patents by Dell computers with certain Roxio Creator software products and licensed Microsoft Windows operating systems.   However, the rights in the Dell Product Patents were exhausted as to Dell computers sold with licensed Microsoft Windows operating systems under *Impression Products, Inc. v. Lexmark International, Inc.*, 137 S.Ct. 1523 (2017) and other U.S. case law.

128.    Because under U.S. law the patent rights in the Dell Product Patents are exhausted as to the Dell computers containing licensed Microsoft software that includes software conforming to the MPEG Standards, Plaintiffs have no recourse against Defendants.

129.    As a result of Plaintiffs' petition, an actual controversy has arisen and now exists between the parties as to whether the Dell Product Patents are exhausted.

130.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants request a declaration by the Court that the Dell Product Patents are exhausted.

131.    Defendants are entitled to recover reasonable and necessary attorneys' fees pursuant to 35 U.S.C. § 285 because this is a suit for declaratory relief.

## JURY DEMAND

132.    Defendants demand a jury trial on all claims and defenses so triable consistent with law and subject to the express waiver of jury trial in the SLA.

## REQUEST FOR DISCLOSURE

133.    Defendants request that Plaintiffs disclose the information or material described in Texas Rule of Civil Procedure 194.2 and Fed. R. Civ. P. 26.

## SPECIAL EXCEPTIONS

134.    Defendants specially except to Plaintiffs' Original Petition, pages 13-14 regarding the relief sought, and ask the Court to require Plaintiffs to specify the maximum amount the Plaintiffs claim.

135.    Defendants specially except to Plaintiffs' Original Petition, paragraphs 35-42 because Plaintiffs did not plead all elements of their claim for negligent misrepresentation. Specifically, Plaintiffs have failed to plead any facts in support of the element that Plaintiffs justifiably relied on Defendants' representations.

136.    Defendants specially except to Plaintiffs' Original Petition, paragraphs 35-42 because Plaintiffs did not give fair notice of their claim for negligent misrepresentation. Specifically, Plaintiffs have failed to provide sufficient detail regarding the alleged misrepresentations.  For example, because Plaintiffs collectively refer to all Defendants as "TiVo," throughout the Petition, Defendants are unable determine the nature of the allegations against them, including the testimony that will be relevant at trial in order to prepare each Defendant's defense.

137.    Defendants specially except to Plaintiffs' Original Petition, paragraphs 43-49 because Plaintiffs did not plead all elements of their claim for fraudulent misrepresentation.

Specifically, Plaintiffs have failed to plead any facts in support of the element that Defendants knew their representations were false, or made the representations recklessly without knowledge of their truth.

138.   Defendants specially except to Plaintiffs' Original Petition, paragraphs 43-49 because Plaintiffs did not plead all elements of their claim for fraudulent misrepresentation. Specifically, Plaintiffs have failed to plead any facts in support of the element that Plaintiffs actually and justifiably relied on Defendants' representations.

139.   Defendants specially except to Plaintiffs' Original Petition, paragraphs 43-49 because Plaintiffs did not give fair notice of their claim for fraudulent misrepresentation. Specifically, Plaintiffs have failed to provide sufficient detail regarding the alleged misrepresentations.  For example, because Plaintiffs collectively refer to all Defendants as "TiVo," throughout the Petition, Defendants are unable determine the nature of the allegations against them, including the testimony that will be relevant at trial in order to prepare each Defendant's defense.

140.   Defendants specially except to Plaintiffs' Original Petition paragraphs 50-57 because Plaintiffs did not plead all elements of their claim for fraudulent nondisclosure. Specifically, Plaintiffs have failed to plead any facts in support of the element that Defendants were deliberately silent when they had a duty to speak.

141.   Defendants specially except to Plaintiffs' Original Petition paragraphs 50-57 because Plaintiffs did not plead all elements of their claim for fraudulent nondisclosure. Specifically, Plaintiffs have failed to plead any facts in support of the element that Defendants intended to induce the Plaintiffs to take some action by failing to disclose the facts.

142.   Defendants specially except to Plaintiffs' Original Petition, paragraphs 50-57 because Plaintiffs did not plead all elements of their claim for fraudulent nondisclosure. Specifically, Plaintiffs have failed to plead any facts in support of the element that Plaintiffs relied on Defendants' representations.

143.   Defendants specially except to Plaintiffs' Original Petition, paragraphs 50-57 because Plaintiffs did not give fair notice of their claim for fraudulent nondisclosure. Specifically, Plaintiffs have failed to provide sufficient detail regarding the alleged misrepresentations.   For example, because Plaintiffs collectively refer to all Defendants as "TiVo," throughout the Petition, Defendants are unable determine the nature of the allegations against them, including the testimony that will be relevant at trial in order to prepare each Defendant's defense.

144.   Defendants specially except to Plaintiffs' request for exemplary damages because Plaintiffs have not plead a basis for exemplary damages.

### PRAYER

145.   For the reasons set forth above, Defendants ask that Plaintiffs be cited to appear and answer, and that the Court grant the relief as requested below:

a.   A declaration that Defendants did not infringe the Dell Product Patents;

b.   A declaration that the rights in the Dell Product Patents are exhausted;

c.   Judgment against Plaintiffs and in favor of Defendants;

d.   Dismissal of Plaintiffs' Petition with prejudice;

e.   Any actual damages;

f.   Prejudgment and postjudgment interest;

g.   Court costs;

22

h.  Attorneys' fees;

i.  All other relief to which Defendants are entitled.

Respectfully submitted,

*/s/ Emily Smith*
Christopher D. Porter
Texas Bar No. 24070437
Emily Smith
Texas Bar No. 24083876
Quinn Emanuel Urquhart & Sullivan LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
713.221.7000 phone
713-221-7100 facsimile
chrisporter@quinnemanuel.com
emilysmith@quinnemanuel.com

*Attorneys for Defendants TiVo Corporation, Rovi Corporation, Sonic Solutions LLC, and Sonic Solutions*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this foregoing was electronically delivered to R. Mark Dietz of Dietz & Jarrard, P.C. and John Thorne of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.  on this 8th day of August, 2018.

*/s/ Emily Smith*
Emily Smith

# EXHIBIT
# 1

**SEPARATION AGREEMENT**

**THIS SEPARATION AGREEMENT** (this "**Separation Agreement**") is effective as of February 1, 2012, and is by and between Dell Global B.V. (Singapore Branch), a Singapore branch of a company incorporated in The Netherlands with limited liability, on behalf of Dell Inc. and Dell Inc.'s subsidiaries and affiliates (together, "**Dell**") and Sonic Solutions LLC as successor to Sonic Solutions ("**Sonic**" or "**Licensor**").

WHEREAS, Sonic and Dell are parties to the Clarification Agreement entered into as of November 1, 2010 (the "**Clarification Agreement**"), the Software Licensing Agreement dated August 30, 2001 (the "**SLA**"), and supplements, amendments and addenda thereto (collectively, with the SLA and the Clarification Agreement, but excluding the Video Service Agreements (as defined below), the "**Roxio Software Documents**");

WHEREAS, Sonic and Dell are parties to the Supplement to Software Licensing Agreement entered into as of July ___, 2010 and last signed August 13, 2010, the Amended and Restated Attachment 1 to Clarification Agreement entered into as of September 30, 2011, and the Software Schedule No. 3 to Software License Agreement entered into as of September 30, 2011 (the "**Video Service Agreements**"); and

WHEREAS, Sonic and Corel Corporation have signed and closed an asset purchase agreement pursuant to which, upon the closing thereof (the "**APA Closing**"), the businesses pertaining to the Roxio Software Documents was assigned by Sonic to Corel, but the businesses pertaining to the Video Service Agreements have been retained by Sonic.

NOW THEREFORE, for good and valuable consideration, the parties agree as follows:

1.

**Roxio Software Documents:** The Roxio Software Documents shall be assigned by Sonic to Corel as of the effective date of this Separation Agreement.  Dell hereby consents to such assignment and shall look solely to Corel with respect to those liabilities thereunder that arise on or after the effective date of the Separation Agreement.

2.        **Video Service Agreements:** Dell acknowledges that the Video Service Agreements are being retained by Sonic and not assigned to Corel.  Dell shall look solely to Sonic, and not to Corel, with respect to liabilities that arise under the Video Service Agreements.  The terms of the Roxio Software Documents (e.g., assignment clause, representations and warranties, choice of law, etc.) that would apply to the Video Service Agreements if this Separation Agreement were not in effect (the "**Boilerplate Terms**") shall continue to apply to the Video Service Agreements (except that Sonic shall have no liability to Dell, and Dell shall have no liability to Sonic, with respect to matters relating to the Roxio Software Documents after the APA Closing); provided that the Video Service Agreements (along with the applicability of the Boilerplate Terms thereto) shall not expire and instead shall be terminable by either party for convenience at any time after July 1, 2012 on 120 days written notice.

**IN WITNESS WHEREOF,** the parties hereto have duly executed this Separation Agreement by their respective duly authorized officers to be effective as of the date first set forth above.

DELL GLOBAL B.V. (SINGAPORE BRANCH)                    SONIC SOLUTIONS LLC

By: _____                        By: _____

Name:                                                  Name:        Stephen Yu
Title:                                                 Title:
Dated:    Darragh Carey                                Dated:    AUTHORIZED SIGNATORY
          Vice President                                         March 20, 2012
          Worldwide Procurement Finance

          15 Mar 2012

## **VERIFICATION**

My name is Brett Healy.  My date of birth is May 28, 1970, and my business address is 2160 Gold Street, San Jose, California 95002.

I have read Defendants' Original Answer and Counterclaims, including the Verified Pleas at paragraph 70.  The facts stated therein are within my personal knowledge and are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Santa Clara County, State of California, on the Sixth day of August, 2018.

1

CAUSE NO. 18-0822-C26

| | | |
|---|---|---|
| DELL TECHNOLOGIES INC. and | § | IN THE DISTRICT COURT |
| DELL GLOBAL B.V. (Singapore Branch), | § | |
| | § | |
| Plaintiffs | § | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| TIVO CORPORATION, | § | |
| ROVI CORPORATION, | § | |
| SONIC SOLUTIONS LLC, and | § | 26TH JUDICIAL DISTRICT |
| SONIC SOLUTIONS | § | |
| | § | |
| Defendants. | § | |

## **ORDER ON DEFENDANTS' SPECIAL EXCEPTIONS**

This Court has considered the Special Exceptions filed by Defendants TiVo Corporation, Rovi Corporation, Sonic Solutions LLC, and Sonic Solutions (collectively, "Defendants") to Plaintiffs' Original Petition ("Petition"), as well as any response, and all submitted briefs and arguments of counsel. The Court makes the following rulings:

1.      Defendants specially excepted to Plaintiffs' Original Petition, pages 13-14 regarding the relief sought.  Defendants cannot prepare a defense without knowledge of the maximum amount the Plaintiffs' claims.


_____                      _____
SUSTAINED                      OVERRULED

2.      Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 35-42 because Plaintiffs did not plead all elements of their claim for negligent misrepresentation. Specifically, Plaintiffs failed to plead any facts in support of the element that Plaintiffs justifiably relied on Defendants' representations.  Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.


_____                      _____
SUSTAINED                      OVERRULED

1

3.      Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 35-42 because Plaintiffs did not give fair notice of their claim for negligent misrepresentation. Specifically, Plaintiffs failed to provide sufficient detail regarding the alleged misrepresentations. Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                         OVERRULED

4.      Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 43-49 because Plaintiffs did not plead all elements of their claim for fraudulent misrepresentation. Specifically, Plaintiffs failed to plead any facts in support of the element that Defendants knew their representations were false, or made the representations recklessly without knowledge of their truth.  Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                         OVERRULED

5.      Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 43-49 because Plaintiffs did not plead all elements of their claim for fraudulent misrepresentation. Specifically, Plaintiffs have failed to plead any facts in support of the element that Plaintiffs actually and justifiably relied on Defendants' representations.  Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                         OVERRULED

6.      Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 43-49 because Plaintiffs did not give fair notice of their claim for fraudulent misrepresentation.

Specifically, Plaintiffs failed to provide sufficient detail regarding the alleged misrepresentations. Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                          OVERRULED

7.      Defendants specially excepted to Plaintiffs' Original Petition paragraphs 50-57 because Plaintiffs did not plead all elements of their claim for fraudulent nondisclosure. Specifically, Plaintiffs failed to plead any facts in support of the element that Defendants were deliberately silent when they had a duty to speak.  Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                          OVERRULED

8.      Defendants specially excepted to Plaintiffs' Original Petition paragraphs 50-57 because Plaintiffs did not plead all elements of their claim for fraudulent nondisclosure. Specifically, Plaintiffs failed to plead any facts in support of the element that Defendants intended to induce the Plaintiffs to take some action by failing to disclose the facts.  Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                          OVERRULED

9.      Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 50-57 because Plaintiffs did not plead all elements of their claim for fraudulent nondisclosure. Specifically, Plaintiffs failed to plead any facts in support of the element that Plaintiffs relied on Defendants' representations.  Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                    _____
SUSTAINED                          OVERRULED

10.     Defendants specially excepted to Plaintiffs' Original Petition, paragraphs 50-57 because Plaintiffs did not give fair notice of their claim for fraudulent nondisclosure. Specifically, Plaintiffs have failed to provide sufficient detail regarding the alleged misrepresentations.   Defendants cannot prepare a defense without fair notice of the facts underlying Plaintiffs' claim.

_____                          _____
SUSTAINED                          OVERRULED

11.     Defendants specially except to Plaintiffs' request for exemplary damages because Plaintiffs have not plead a basis for exemplary damages.  Defendants cannot prepare a defense without knowledge of the facts underlying Plaintiffs' request for exemplary damages.

_____                          _____
SUSTAINED                          OVERRULED


The Court ORDERS Plaintiffs to replead and cure the defects identified by the special exceptions that were sustained.  It is further ORDERED that if Plaintiffs do not replead and cure the defects by _____, 2018, the Court will strike each defective paragraph.


SIGNED on _____, 2018.

_____